UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-02017-JLS-SK                          Date: February 27, 2026
Title:  Deloris J. Farmer v. 123456789, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 5)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order filed by Plaintiff Deloris J. Farmer.  (App., Doc. 5; Mem., Doc. 6.)  For the following reasons, the Court DENIES Plaintiff's Application.

Plaintiff has resided with her family at a residential property in Los Angeles, California (the "Property").  (Compl. ¶ 18, Doc. 1.)  Defendant 123456789, LLC brought an unlawful detainer action involving the Property in Los Angeles County Superior Court.  (*Id.* ¶¶ 6–7.)  Plaintiff alleges that during the unlawful detainer action, she "experienced documented acute medical distress," but that the proceedings nevertheless "concluded in Plaintiff's absence and judgment was entered on January 21, 2026."  (*Id.* ¶¶ 21–23.)  Plaintiff has filed an appeal, but the Superior Court issued a Writ of Possession on February 17, 2026.  (*Id.* ¶¶ 23, 27.)

On February 25, 2026, Plaintiff filed the instant action against Defendants 123456789, LLC and Sheriff Robert Luna.  (Compl.)  Plaintiff filed the TRO Application the same day seeking an order "enjoining enforcement of the February 17, 2026, Writ of Possession issued in Los Angeles Superior Court Case No. 25STUD07456."  (App. at 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-02017-JLS-SK                                Date: February 27, 2026
Title:  Deloris J. Farmer v. 123456789, LLC et al

Plaintiff contends that the execution of the writ of possession "during the pendency of appellate review, where that appeal challenges trial proceedings conducted during documented medical incapacity," would constitute a deprivation of her procedural due process rights.  (Compl. ¶ 35; *see* Mem. at 4.)

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).

Plaintiff has not demonstrated a likelihood of success on the merits.  Plaintiff brings one claim pursuant to 42 U.S.C. § 1983, for the deprivation of her right to procedural due process, against 123456789, LLC and Sheriff Luna.  But the fact that 123456789, LLC, a private party, is merely using "eviction procedures made available by the state" does not render it a state actor as required for liability under § 1983.  *Vachon v. Reverse Mortg. Sols., Inc.*, 2017 WL 6628103, at *10 (C.D. Cal. Aug. 11, 2017); *see also Brown v. Bank of New York Mellon Tr. Co., N.A.*, 2023 WL 2558783, at *6 (C.D. Cal. Feb. 8, 2023) (Staton, J.) ("Numerous courts have found that merely utilizing a state's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-02017-JLS-SK                                  Date: February 27, 2026
Title:  Deloris J. Farmer v. 123456789, LLC et al

statutory remedies does not transform a non-state actor into a state actor.") (collecting cases).

As for Defendant Sheriff Luna, Plaintiff has not alleged that he has or will engage in any constitutional violation that is separate from the execution of the Writ of Possession itself.  And Plaintiff is foreclosed from challenging the execution of the Writ of Possession in this Court; under the *Rooker-Feldman* doctrine, federal courts have no jurisdiction to consider a "de facto appeal from a state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  This includes the state court's issuance of the Writ of Possession, and the execution thereof.  *See Koshak v. Cnty. of Orange*, 2014 WL 12626351, at *3 (C.D. Cal. Jan. 24, 2014) ("[A] plaintiff cannot avoid the doctrine by suing officials charged with implementing the state court order."); *see Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) ("[J]ust as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision; thus, the district court lacks jurisdiction to hear the Section 1983 suit.").  Although Plaintiff argues that she "does not seek review or reversal of the state court judgment," but rather challenges only "the manner and timing of enforcement" (Mem. at 2), her argument is unavailing.  Plaintiff is effectively challenging the state court's decision to issue the Writ of Possession prior to the completion of her appeal.  This Court is foreclosed from reviewing such a challenge.  *See Busch*, 905 F. Supp. at 772 ("[A]ll of plaintiff's claims . . . necessarily require review of the execution of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-02017-JLS-SK                          Date: February 27, 2026
Title:  Deloris J. Farmer v. 123456789, LLC et al

state court writ of possession issued in the unlawful detainer action, and are barred under the *Rooker-Feldman* doctrine.").

 Accordingly, Plaintiff's Application is DENIED.

Initials of Deputy Clerk: kd